# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PRELIMINARY INJUNCTIVE RELIEF
(FED. R. CIV. P. 65)

## INTRODUCTION

Claimant, **Narosmi Boddo Auguste-El**, moves this Court for an Emergency Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to prevent ongoing and irreparable harm caused by unlawful enforcement actions undertaken **without standing, without chain of title, without proper notice, and without due process**, resulting in the displacement and threatened displacement of the Claimant and the Claimant's minor child from their domicile.

This Motion concerns **two related properties** held under the same estate interest and arising from the same course of conduct:

- 74 Madison Avenue, Everett, Massachusetts
- 7 Stagecoach Road, Lexington, Massachusetts

Absent immediate judicial intervention, the Claimant and her minor child will continue to suffer irreparable constitutional injury, including loss of housing stability, disruption of family integrity, and deprivation of due process.

## PARTIES

**Claimant:**

Narosmi Boddo Auguste-El

(Proper party in interest; all rights expressly reserved)

**Adverse Parties:**

Gance Panci

Mark Sheppard

Mark J. Snyder

(and all persons acting in concert with them)

## JURISDICTION AND LIMITED APPEARANCE

This Motion is submitted solely for the purpose of seeking emergency injunctive relief to prevent irreparable harm. Nothing herein shall be construed as consent to jurisdiction, waiver of rights, or validation of any unlawful authority or claim.

## STATEMENT OF FACTS

- The adverse parties have asserted claims, enforcement actions, or interference with respect to **both subject properties** without producing any lawful claim, including:
- No deed
- No verified chain of title
- No trust conveyance
- No judgment conferring property rights
- No lawful source of right
- None of the adverse parties possess standing to assert ownership, possession, or enforcement authority over

either property.
- The Claimant and her minor child were and remain **domiciled** at the subject properties and did not abandon, vacate, or surrender possession.
- Actions and threats of enforcement were directed not to the Claimant properly, but to a misstyled designation, **"Narosmi Auguste a/k/a Narosmi Boddo Auguste-El,"** without lawful basis or consent.
- On the date of the unlawful enforcement, an individual later identified as **Mark J. Snyder** appeared and asserted authority while **falsely stating that his name was "Michael Sweeney."**
- When requested to provide identification or proof of authority, **Mark J. Snyder failed and refused to provide any paperwork**, including proof of identity, commission, oath, standing, or lawful authority.
- The Claimant expressly informed him that she was **not moving**, had **not abandoned the premises**, and was **domiciled at the property with her minor child**, and that no consent was given to any enforcement action or transfer of possession.
- Despite this, Mark J. Snyder acted in a manner consistent with an intent to **usurp control of the properties**, rather than to verify lawful authority or provide due process.As a direct result, the Claimant and her minor child suffered displacement, loss of housing stability, emotional distress, and disruption of family integrity.

# RULE 65 STANDARD

A Temporary Restraining Order is warranted where the movant demonstrates:
- 1. Likelihood of success on the merits
- 2. Irreparable harm absent relief
- 3. Balance of equities in the movant's favor
- 4. That relief serves the public interest

Each factor is satisfied here.

# ARGUMENT

## I. LIKELIHOOD OF SUCCESS ON THE MERITS

The adverse parties lack standing and chain of title as to **both properties**. Enforcement actions undertaken against a misidentified party, without lawful authority, and under a misrepresented identity are **void ab initio** and violate procedural and substantive due process.

## II. IRREPARABLE HARM

The Claimant's minor child's safety, emotional well-being, and stability are inseparably tied to secure domicile with her parent. Continued displacement or threat of enforcement constitutes irreparable harm not remediable by monetary damages.

## III. BALANCE OF EQUITIES

The adverse parties suffer no cognizable harm from being restrained from actions they have no lawful right to take. The

Claimant and her child face severe and continuing harm absent immediate relief.

## IV. PUBLIC INTEREST

The public interest is served by:
- * Upholding due process
- * Preventing unlawful displacement of families
- * Requiring lawful standing before enforcement
- * Protecting minors from avoidable harm

## PRESERVATION OF RIGHTS AND EMERGENCY FILING CONDITIONS

This filing is submitted under emergency conditions and necessity, using mobile technology due to displacement and lack of access to traditional office resources. All text has been maintained in a legible twelve-point font consistent with applicable rules to the fullest extent reasonably possible under the circumstances. Nothing in the formatting, preparation, or method of filing shall be construed as a waiver, limitation, or forfeiture of the Claimant's constitutional rights, human rights, treaty-protected rights, or procedural protections, all of which are expressly preserved.

## REQUEST FOR RELIEF

WHEREFORE, Claimant respectfully requests that the Court:
- 1. Issue an **Immediate Temporary Restraining Order** enjoining the adverse parties from enforcing against,

entering, occupying, or interfering with either subject property.
- 2. Order the **cessation of all enforcement actions** based on misidentification, defective notice, misrepresented identity, or lack of lawful authority.
- 3. Order **preservation of the status quo** as to both properties.
- 4. Set an **expedited hearing** on a Preliminary Injunction.
- 5. Grant such other and further relief as equity and justice require.

**RESERVATION OF RIGHTS**   *All rights reserved ucc 308*

All rights are expressly reserved. No filing, appearance, or request herein shall be construed as consent to jurisdiction or waiver of any rights.

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PRELIMINARY INJUNCTIVE RELIEF (CONSTITUTIONAL PROTECTIONS OF FAMILY INTEGRITY AND DUE PROCESS)

## I. Nature of the Emergency
- This is an emergency request for immediate injunctive relief to prevent ongoing and irreparable harm resulting from the unlawful displacement of the Claimant and the Claimant's minor child from their home.
- The actions taken and threatened by **Gance Panci, Mark Sheppard,** and **Mark J. Snyder** have occurred **without standing, without chain of title, without lawful authority, and without due process**, and continue to place a parent and child in an unstable and harmful condition.
- Absent immediate intervention, the harm will continue to compound daily and cannot be undone by later relief.

## II. Constitutional Interests at Stake
- The Constitution protects the **fundamental right to family integrity**, including the right of a parent and child to remain together in stable housing free from arbitrary or unlawful state or quasi-state interference.
- The forced displacement of a family from its home,

absent lawful standing and due process, infringes upon:
- Substantive due process
- Procedural due process
- The right to family unity and parental autonomy
- The right to be secure in one's home
- These protections apply regardless of the administrative or corporate labels asserted by adverse actors. No statute, policy, or enforcement mechanism may override constitutional guarantees where no lawful property interest exists.

### III. Lack of Due Process
- No lawful process preceded the displacement of the Claimant and the Claimant's minor child, including:
- No verified claim of title
- No valid chain of title
- No lawful notice establishing standing
- No opportunity to contest a legitimate claim because none exists
- Any actions taken under color of authority without these prerequisites are **void**, not merely voidable, and cannot form the basis for continued enforcement or possession.

### IV. Irreparable Harm
- The Claimant's daughter is a dependent minor whose health, emotional well-being, education, and safety are directly tied to stable housing with her parent.
- The continued displacement has caused and continues to cause:
- Loss of housing stability
- Emotional and psychological distress to a minor child

- Disruption of parental care and family unity
- Harm that cannot be quantified or remedied by monetary damages
- Courts universally recognize that harm to a child's stability and family integrity constitutes **irreparable injury** warranting emergency relief.
- Each additional day of unlawful displacement magnifies the harm and risks permanent damage to the child's sense of safety and well-being.

### V. Likelihood of Success on the Merits

- The Claimant is likely to succeed on the merits because the adverse parties:
- Lack standing
- Lack a lawful source of right
- Lack chain of title
- Acted without consent
- Acted without due process
- Where no lawful property interest exists, no enforcement or dispossession can lawfully proceed.

### VI. Balance of Equities

- The balance of equities weighs overwhelmingly in favor of the Claimant and the Claimant's minor child.
- The adverse parties face no cognizable harm from being restrained from actions they have no lawful right to take.
- By contrast, the Claimant and child face ongoing, severe, and irreparable harm if relief is denied.

### VII. Public Interest

- The public interest is served by:
- Upholding constitutional protections

- Preventing unlawful displacement of families
- Ensuring that property enforcement is based on lawful standing and due process
- Protecting children from unnecessary harm caused by unauthorized actions

## EMERGENCY RELIEF REQUESTED

WHEREFORE, the Claimant respectfully requests that the Court immediately:

- **Issue a Temporary Restraining Order**
- Enjoining **Gance Panci, Mark Sheppard, Mark J. Snyder,** and all persons acting in concert with them from:
- Enforcing against
- Occupying
- Interfering with
- Removing the Claimant or the Claimant's minor child from the property
- **Order Immediate Restoration of Possession**
- Restoring the Claimant and the Claimant's daughter to stable housing pending final adjudication.
- **Set an Expedited Hearing**
- On a Preliminary Injunction to prevent continued irreparable harm.
- **Prohibit Further Acts Under Color of Authority**
- Absent verified standing, lawful chain of title, and constitutionally adequate due process.
- **Grant Such Other and Further Relief**
- As equity and justice require to protect the family and preserve constitutional rights.

## Reservation of Rights

All rights are expressly reserved.

No appearance, filing, or request for emergency relief shall be construed as consent to jurisdiction, waiver of rights, or validation of any unlawful claim.