# SUPPLEMENTAL STATEMENT OF CLAIMS AND LEGAL THEORIES

(Authority, Jurisdiction, and Ultra Vires Enforcement)

IN THE UNITED STATES DISTRICT COURT
FOR THE _MASSACHUSETTS_ DISTRICT

In Re:
NAROSMI BODDO AUGUSTE-EL,
Petitioner,
Appearing Specially and for the Limited Purpose of Contesting Jurisdiction and Authority,
In Propria Persona, Sui Juris,
All Rights Reserved, Without Prejudice.

## I. PURPOSE OF THIS SUPPLEMENT

This Supplemental Statement is filed to **clarify the legal significance of facts already of record** and to articulate **recognized legal theories** arising from those facts. This filing does **not amend prior pleadings**, does **not waive jurisdictional objections**, and does **not introduce new facts**. It is submitted to assist the Court in evaluating **authority, jurisdiction, and lawful judicial process** underlying the enforcement action at issue.

This Court has subject-matter jurisdiction because the claims arise under the **Constitution and laws of the United States** and seek redress for **deprivation of rights under color of law.**

## II. GOVERNING PRINCIPLE (ARTICLE III)

Article III vests **judicial power exclusively in courts**, not in ministerial or executive officers. Judicial power may be exercised **only through adjudication by a court of competent jurisdiction**. Ministerial enforcement cannot substitute for judicial determination.

Courts routinely state:

- "Jurisdiction cannot be presumed and must affirmatively appear."
- "An order issued without jurisdiction is a nullity."
- "Acts taken without lawful authority are void ab initio."

## III. FACTUAL CONTEXT (SUMMARY)

Prior to the complained-of removal, the Petitioner **timely challenged jurisdiction and authority**, demanded proof of lawful delegation, and placed notice on the record. **No judicial order adjudicating jurisdiction or authorizing enforcement following such challenge was presented or served.** Notwithstanding the absence of adjudication, a constable entered and removed the Petitioner from peaceable possession of her habitation.

The deprivation is ongoing.

## IV. CLAIM ONE

### Wrongful Enforcement Without Jurisdiction or Standing

Enforcement proceeded **without a valid judicial determination** establishing jurisdiction and authority at the time of execution.

Courts consistently hold:

- "Enforcement without jurisdiction is a nullity."
- "Process issued without jurisdiction confers no authority."

Where jurisdiction is challenged and unresolved, enforcement is improper as a matter of law.

**Relief supported:** declaratory relief, cessation of enforcement, restoration of possession.

## V. CLAIM TWO

### Trespass and Interference With Quiet Enjoyment

The Petitioner's **peaceable possession** was disturbed absent lawful judicial process.

Courts recognize:

- "Possession may not be disturbed without due process of law."
- "Even where title is disputed, self-help or premature enforcement is prohibited."

Because enforcement occurred without adjudication, the entry and removal constitute unlawful trespass and interference with quiet enjoyment.

**Relief supported:** injunctive relief and restoration of the status quo ante.

## VI. CLAIM THREE

### Ultra Vires Conduct Under Color of Law

The constable acted **without producing lawful delegation of authority** and after jurisdiction had been challenged.

Courts uniformly state:

- "Ultra vires acts are not protected by immunity."
- "An officer who exceeds delegated authority acts without legal justification."

The issue presented is **authority**, not identity or intent.

**Relief supported:** declaratory findings, denial of immunity, and corrective relief.

## VII. CLAIM FOUR
**Procedural Due Process Violation**

The Petitioner was deprived of habitation **without lawful notice, hearing, and adjudication.**

Courts repeatedly hold:
- "The core of due process is notice and an opportunity to be heard."
- "Deprivation of property without due process is constitutionally infirm."

Defendants may contend that a prior opportunity to be heard existed in state proceedings. However, any such proceedings were directed to a **distinct legal entity** and did **not** afford the Petitioner, as the **natural person in peaceable possession,** notice or an opportunity to be heard on the **jurisdictional challenges or the enforcement that resulted in her removal.** Due process requires that **the person deprived** be afforded a meaningful opportunity to be heard.

**No hearing adjudicating the Petitioner's jurisdictional objections or authorizing removal after notice was afforded prior to enforcement.**

**Relief supported:** restoration of the status quo ante and injunctive relief.

## VIII. FOUNDATIONAL AUTHORITIES LIMITING ENFORCEMENT POWER
### A. Ordinance of 1787

Founding-era principles recognize that property and habitation may not be disturbed absent lawful judicial proceedings. Courts continue to cite these principles as informing modern due process and limits on arbitrary power.

### B. Treaty of Peace and Friendship (1787 / 1836)

Treaties of peace establish obligations of **good faith and non-coercive conduct.** These principles reinforce constitutional constraints on enforcement actions taken without lawful authority. They are cited here **to limit conduct**, not to assert immunity.

## IX. APPLICATION

Because jurisdiction and authority were challenged and never adjudicated, enforcement by a ministerial officer was **ultra vires**, **void**, and constitutionally defective.

## X. RELIEF

Petitioner seeks declaratory and injunctive relief, restoration of possession, and such further relief as the Court deems just and proper.

Respectfully submitted,

Narosmi Boddo Auguste-El

Appearing Specially, In Propria Persona, Sui Juris
All Rights Reserved, Without Prejudice

Date: 14th January 2026

Place: Everett, Massachusetts