# SUPPLEMENTAL DECLARATORY STATEMENT REGARDING STATUS, CAPACITY

PRESERVATION OF NATIONALITY, NON-CONSENT,
AND INTEGRITY OF THE FEDERAL RECORD
*(Filed for Record Preservation Only — No Adjudication Requested)*
**UNITED STATES DISTRICT COURT**
**MASSACHUSETTS**

✓Civil Action No.: 1:25-cv-14024

**NAROSMI BODDO AUGUSTE-EL,**
Petitioner.

## I. Procedural Posture and Limited Purpose of This Filing

This Supplemental Declaratory Statement is submitted while **injunctive relief remains pending** and **before any adverse party has entered an appearance**. At present, the docket reflects only **ministerial activity by CLERK-MAGISTRATES,** and no merits briefing or adversarial appearance has occurred.

This filing is **not a motion, not an amended pleading**, and **not a request for adjudication**. It is submitted solely to **supplement and preserve the federal record** regarding:

1. Status and capacity
2. Preservation of nationality and political character
3. Express non-consent to recharacterization
4. Integrity of jurisdiction where authority is disputed
5. Continuity with prior preservations already placed on the record

Nothing herein alters, expands, or re-pleads the claims presently before the Court.

## II. Relationship to Pending Injunctive Relief (TRO)

This Supplemental Declaratory Statement is **procedurally related to**, and **should be read in conjunction with**, the **pending Temporary Restraining Order and related injunctive filings** previously submitted in this action. The TRO filings assert, inter alia:

1. Irreparable harm to protected property interests
2. Ongoing interference absent lawful adjudication
3. The necessity of equitable relief to preserve the status quo

This Supplemental does **not** supplement the TRO with new facts or claims. Rather, it **preserves the record** by clarifying the **capacity, status, and non-consent** under which the undersigned has appeared **prior to any adjudication**, so that equitable relief may be evaluated upon a **complete and accurate jurisdictional record**.

## III. Relationship to the Writ of Error

This Supplemental Declaratory Statement is further **procedurally and substantively related to the Writ of Error** previously placed on the record in this matter.
The Writ of Error challenges defects including, but not limited to:

1. Jurisdictional irregularities
2. Actions taken absent lawful authority
3. Use of ministerial mechanisms without adjudication
4. Deprivation of property interests without due process

This Supplemental is **not an expansion** of the Writ of Error and **does not seek independent relief**. It is submitted to ensure that the **status, capacity, and express non-consent** of the undersigned are unmistakably preserved on the federal docket **in advance of any judicial review of those defects**.

## IV. Appearance, Status, and Capacity

The undersigned appears **in a private capacity**, sui juris, and not as a statutory citizen, corporate person, franchise, or other legal fiction. The

undersigned expressly preserves **nationality, political status, and capacity,** and **does not consent** to any presumption or recharacterization inconsistent with that capacity.

This declaration is made to prevent **implied consent, waiver, or acquiescence by silence,** and to ensure that all proceedings are understood to occur **subject to timely objection and express preservation.** Jurisdiction, obligation, and legal consequence depend upon **lawful characterization of the party and the capacity in which one is proceeded against.** Preservation of capacity is therefore necessary to protect the integrity of the record.

## V. Continuity of Preservation Across Venues

The undersigned has **previously placed preservations of status, capacity, and non-consent on the record** in NORTHEAST HOUSING COURT and in municipal court proceedings arising from the same factual matrix.
This Supplemental Declaratory Statement is filed **out of an abundance of caution** to ensure that the **federal record reflects continuity and consistency** of position, and to prevent any later assertion that status-related objections were waived, abandoned, or newly raised.
The preservation herein is declaratory and cumulative, not novel.

## VI. Jurisprudential Context Regarding Status and Mischaracterization

*(Reference Only — No Relief Requested)*
Historic jurisprudence demonstrates that **status determinations are not neutral** and that erroneous or imposed status classifications have been used as predicates for deprivation of rights. While repudiated in outcome, *Dred Scott v. Sandford* remains instructive as historical evidence of the constitutional injury that results when status is imposed or mischaracterized without consent.
Authorities commonly referenced in discussions of status and capacity, including those associated with *William Dungy*, reflect the principle that **jurisdiction and obligation depend upon lawful characterization of the party and the capacity in which one is proceeded against**, and that **timely**

objection preserves rights.
These references are provided **solely for jurisprudential context** and are **not presented as claims for relief**.

## VII. Authority, Jurisdiction, and Integrity of the Record

This Supplemental is submitted in light of continuing disputes regarding **authority, standing, and lawful process**, including reliance upon ministerial actions and representations of authority that remain contested.

It is a settled maxim that **fraud vitiates everything it touches**, including jurisdiction, authority, and the integrity of the record. Where authority is asserted through material misrepresentation or without lawful foundation, any resulting process is rendered voidable or void *ab initio*. This statement **does not request a finding of fraud**. It preserves the record so that, should authority later be examined, the undersigned's **timely objection and non-consent** are unmistakably reflected.

## VIII. Name Discrepancy and Record Clarity
*(Preservative Statement Only)*

The docket reflects inconsistent references to **"Michael J. Snyder"** and **"Mark J. Snider."** This Supplemental is filed to preserve clarity of the record regarding identity and attribution of conduct, without requesting adjudication, party realignment, or amendment at this stage.

This clarification is made to prevent confusion or reliance on clerical inconsistency in any subsequent review.

## IX. Treaty and Foreign-Relations Preservation
*(Notice Only — No Invocation of Jurisdiction)*

This preservation is made **without waiver** of any rights or considerations arising under domestic or international law, including treaty-based protections historically recognized by the United States and those reflected in **Title 22 of the United States Code** governing foreign relations and nationality.

This reference is made **solely for notice and completeness of the record** and does not request adjudication of any treaty, consular, or international question at this time.

## X. Injunctive Posture and Equitable Considerations

Because injunctive relief remains pending, it is essential that the record clearly reflect:

1. The absence of consent to imposed status or jurisdiction
2. The preservation of capacity **prior to any merits determination**
3. The non-adversarial, preservative nature of this filing

This Supplemental is submitted to assist the Court in maintaining a **complete, accurate, and coherent record** while equitable relief is under consideration.

## XI. No Waiver; No Relief Requested

Nothing herein shall be construed as:

1. A waiver of rights
2. Consent to jurisdiction
3. Acceptance of recharacterization
4. A request for adjudication
5. An amendment of pleadings



This filing is submitted **solely to preserve the record.**
Respectfully submitted,
**Narosmi Boddo Auguste-El**
Sui Juris, In Propria Persona
All Rights Reserved, Without Prejudice

Date: January 19, 2026
Place: _____