Affidavit and Supplemental Declaration

I, **Narosmi Boddo Auguste-El**, being of lawful age, competent to testify, and acting in my proper capacity, hereby declare and affirm under penalty of perjury as follows:

## I. AFFIANT AND BASIS OF KNOWLEDGE

1. I am the Affiant. All statements herein are based upon my personal knowledge, acts taken by me, records placed on the public record, and events in which I directly participated or to which I was subjected.
2. This Affidavit is submitted to memorialize the factual record, clarify intent, and preempt any mischaracterization regarding abandonment, waiver, acquiescence, or relinquishment of property rights.

## II. BACKGROUND CONTEXT REGARDING ADVERSE POSSESSION AND NON-ABANDONMENT

3. Claims of adverse possession are frequently advanced by attempting to recast forced absence, administrative obstruction, or procedural silence as abandonment, despite the absence of voluntary relinquishment or intent.

4. Legal analysis concerning the litigation of adverse possession disputes recognizes that the central issue is intent, not mere physical presence, and that rightful owners are often dispossessed through force, fraud, or administrative mechanisms, after which their continued efforts are minimized or ignored.[1]
   1. A critical distinction is drawn between true abandonment and involuntary dispossession, where an owner continues to assert rights through filings, declarations, publication, objections, and attempted recordation.
   2. Owners who file instruments, issue proclamations, publish notice, attempt to record lis pendens, or object administratively or judicially are not dormant owners, but active claimants whose possession has been interrupted by external action.
   3. My conduct throughout **2023 and thereafter**, including proclamations,

declarations to all interested parties, newspaper publication, probate recordation, attempted lis pendens filing, and repeated objections, falls squarely within the category of active ownership behavior inconsistent with abandonment.

## III. EXPRESS NON-ABANDONMENT AND CONTINUOUS INTENT

1. **At no time did I manifest intent to abandon the property.** Abandonment requires both voluntary relinquishment and intent. Neither element exists here.
2. To the contrary, I continuously asserted ownership, claim, and possessory intent through affirmative, overt, and recorded actions.
3. I expressly state the following, which is true and correct:

**"At no time did the Affiant manifest intent to abandon the property. To the contrary, Affiant continuously exercised dominion and control through recorded instruments, judicial filings, administrative actions, and physical attempts to reclaim possession. Any interruption of physical occupancy resulted from force, fraud, or state action and cannot constitute abandonment as a matter of law."**

## IV. CONTINUOUS DOMINION AND CONTROL

1. My exercise of dominion and control includes, without limitation:
2. recorded instruments placed on the public record
3. judicial filings asserting claim and objecting to adverse actions
4. administrative filings contesting authority and jurisdiction
5. physical appearances and documented attempts to reassert possession
6. These acts were continuous, adverse to competing claims, and legally inconsistent with abandonment.

## V. FORCED DISPOSSESSION AND INVOLUNTARY ABSENCE

1. Any interruption of physical occupancy was not voluntary.
2. Such interruption resulted from force, fraud, coercion, or state action taken under color of authority, without lawful adjudication of abandonment, forfeiture, or surrender.
3. Involuntary dispossession cannot, as a matter of law or fact, constitute abandonment.

## VI. LIS PENDENS ATTEMPT AND MINISTERIAL REFUSAL

1. During the year 2023, I attempted to file a **Lis Pendens** to protect my interest and provide constructive notice.
2. The recording office declined acceptance while acting in a **ministerial posture**, issuing no findings of fact, conclusions of law, or judicial determination on the merits.
3. A ministerial refusal to accept a recording does not adjudicate title, extinguish rights, imply waiver, or evidence abandonment.
4. The attempt to file a Lis Pendens itself affirmatively demonstrates non-abandonment and ongoing protection of interest.

## VII. PUBLIC NOTICE THROUGH PROCLAMATION, NEWSPAPER PUBLICATION, AND PROBATE RECORD

1. During the year **2023**, I executed a **Proclamation and Declaration** directed to **all interested parties**, affirming my status, claim, and reversionary interest.
2. At or about the same time, I caused said Proclamation and Declaration to be **published in a newspaper of general circulation**, thereby providing constructive notice to the public at large.
3. The publication included notice of my declared status, lawful name affixation, claim and reversionary interest, and address associated with the property.
4. The Proclamation, Declaration, and related records were also **placed on the public record with the Probate Court in Woburn**, acting in a ministerial capacity, during **2023**.
5. These acts of publication and recordation constitute affirmative, overt notice and are legally inconsistent with abandonment, concealment, or relinquishment.

## VIII. PRIOR COUNTY-LEVEL ADVERSE CLAIM AND FAILURE TO REBUT

1. An adverse claim concerning real property known as **7 Stagecoach Road** was previously raised and heard **at the county level**.
2. That adverse claim was presented under **Indigenous authority**, with documentary evidence, declarations, and supporting materials placed into the record.
3. All noticed or interested parties were afforded opportunity to rebut, contest, or respond to the claims and documentation presented.
4. **No rebuttal was made** to the adverse claim, assertions, or supporting documentation.
5. This unrebutted record demonstrates ongoing assertion of dominion, active defense against adverse possession, and absence of abandonment or

acquiescence.

6. This Affidavit does not seek a determination regarding the forum or authority of that proceeding, but memorializes the existence of the adverse claim, the evidentiary submission, and the failure to rebut, all of which are relevant to intent, continuity, and non-abandonment.

## IX. PRIOR ADJUDICATION, DEFAULT, AND NON-RELITIGATION OF FACTS

(renumber subsequent sections accordingly)

1. The factual issues concerning the estate, including continuous claim and non-abandonment, were previously raised, heard, and placed on the record through prior proceedings.
2. Those proceedings resulted in a **default judgment and or administrative determination**, based upon failure of noticed parties to rebut, contest, or respond to the claims and documentation presented.
3. By operation of default, the material facts asserted in those proceedings were deemed admitted and resolved.
4. No finding of abandonment was made, alleged, or adjudicated in those proceedings.
5. This Affidavit does **not** seek to relitigate facts already heard or determined, nor to reopen questions of ownership, title, or estate status.
6. Rather, this Affidavit clarifies the **legal effect** of those prior determinations, specifically that the estate was not abandoned as a matter of law.
7. Any subsequent interference with possession occurred **after** the resolution of those proceedings and therefore constitutes **post-adjudication conduct**, not a continuation of the underlying dispute.
8. Actions taken by municipal or administrative actors following those determinations were ministerial in nature and did not include lawful authority to override, disregard, or contradict the established status of the estate.
9. Accordingly, any forcible removal or exclusion that occurred thereafter was not predicated upon abandonment, but represents a separate act taken in the absence of adjudicated authority.
10. This Affidavit is submitted to ensure the record accurately reflects that the matter of abandonment has already been resolved, and that subsequent actions must be evaluated in light of that resolution.
11.

## IX. PROCEDURAL CLARIFICATION AND PREEMPTION OF FALSE INFERENCES

1. Any assertion of abandonment relies on omission, distortion, or mischaracterization of the public record.
2. The record reflects continuous notice, continuous objection, continuous filings, and continuous assertion of rights.
3. Administrative delay, ministerial refusal, or forced exclusion cannot be used to fabricate intent to abandon.

## X. PURPOSE AND PRESERVATION

1. This Affidavit is submitted to clarify the record, memorialize intent, preempt false defenses, and preserve the issue for review.
2. This filing supplements and harmonizes with prior filings and does not waive, concede, or abandon any rights, remedies, or claims.
3. There are no new facts before the body; only post-judgment actions taken after the estate's status and non-abandonment were already resolved.
4. At no time did I consent to removal, exclusion, or dispossession from the property, and no action taken by me expressed intent to abandon the estate.

## XI. AFFIRMATION

I affirm under penalty of perjury that the foregoing is true and correct.

Executed this _9th_ day of _feberary_, 2026.

**Narosmi Boddo Auguste-El**
Affiant
Sui Juris, In propria persona,          _/Narosmi B. Auguste-El all rights reserved/_

Date: February 9th, 2025

### Footnote

[1] See generally Paul Golden, *Litigating Adverse Possession Cases: Pirates v. Zombies* (American Bar Association), discussing litigation patterns in which rightful owners are dispossessed through force, fraud, or administrative mechanisms and later confronted with abandonment arguments despite continued assertion of rights through filings, notice, and objection.