**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NAROSMI BODDE AUGUSTE-EL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 25-14024-DJC** |
| ) | |
| **MICHAEL J. SNYDER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM AND ORDER**</u>

**CASPER, C.J.**                                                    **April 27, 2026**

For the reasons stated below, the Court denies without prejudice Plaintiff's motion for leave to proceed *in forma pauperis*, D. 2, denies Plaintiff's emergency motion for temporary restraining order and preliminary injunction, D. 3, and denies Plaintiff's supplemental motion. D. 5.  If plaintiff wishes to proceed with this action, the Court grants her until May 18, 2026, to file an amended complaint accompanied by a new motion for leave to proceed *in forma pauperis* with supporting supplemental statement.

### I.      Background

Plaintiff Narosmi Boddo Auguste-El ("Plaintiff" or "Auguste-El"), initiated this action on December 31, 2025 by filing a *pro se* complaint.  D. 1.  With the complaint, Auguste-El filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*) and a motion for temporary restraining order.  D. 2-3.

As best can be gleaned from the pleadings, this matter involves a summary process eviction complaint that was filed in the Massachusetts Northeast Housing Court. D. 1 at 4.  Auguste-El challenges the housing court proceedings as well as Defendant constable's execution of a housing-

court eviction order.  Id.; see Eraano Investment LLC v. Auguste, 25H77SP001503 (Mass. Housing Ct.).[1]  Earlier this year, Auguste-El unsuccessfully sought to remove the housing court action.  Eraano Investment, LLC v. Auguste-El, No. 25-11308-FDS (D. Mass. Oct. 6, 2025) (granting motion to remand).

In the instant complaint, Auguste-El asserts civil rights claims under 42 U.S.C. § 1983 for "deprivation of rights under color of law" and "conspiracy to interfere with civil rights."  D. 1 ¶ II(A).  She also contends that her rights to due process and equal protection under the Fifth and Fourteenth Amendments were violated. Id.  Defendants are Constable Michael J. Snyder; Mark Sheppard; Pance Genci and Nora Pance (Auguste-El's former landlords); and John Does 1-10.  Id. ¶ I(B).

Auguste-El alleges that the "writ was defective."  Id. at ¶ III.  Specifically, she states that "Defendants' action-serving the eviction notice and seeking to dispossess [Auguste-El] directly caused that injury and that an injunction would redress it by restoring [Auguste-El's] possession." Id.  Auguste-El further states that "the complaint/eviction was void or improperly issued [because she] was not given proper notice or an opportunity to be heard."  Id.  For relief, id. ¶ IV, Auguste-El writes "see attachment" which refers to various documents that are attached to her complaint including an administrative cover notice and rights preservation statement, id. 6-7; an addendum – clarification of financial disclosure,  id. at 15;  several copies of her statement of claim for relief, id. at 8–14, 20-26; several copies of her Rule 65 grounds for emergency relief, id. at 16-19, 34-37; and several copies of her final verified declaration, id, at 27-28, 40-41.

---

[1] The Court takes judicial notice of the housing court action which was identified through a search of the state court docket.  "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Wiener v. MIB Group, Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) (quoting Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 19 (1st Cir. 2004)).

On January 2, 2026, Auguste-El filed a supplemental motion and supplemental notice.  D. 5-6.  The supplemental motion is submitted for the "limited purpose of clarifying the scope of relief already requested in connection with the pending jurisdictional motions and emergency equitable relief on the record."  D. 5 at 1.  On January 5, 2026, Auguste-El filed a notice of error, a supplemental statement of claims and a declaration. D. 7-9.  The supplemental statement of claims contains the following four claims:  (1) "Wrongful Enforcement Without Jurisdiction or Standing," (2) "Trespass and Interference with Quiet Enjoyment," (3) "Ultra Vires Conduct Under Color of Law," and (4) "Procedural Due Process Violation."  D. 8 at 2-3.  For relief, Auguste-El "seeks declaratory and injunctive relief, restoration of possession, and such further relief as the Court deems just and proper."  Id. at 4.  Since these filings, she also made several supplemental filings.  D. 8-14, 16, 18.

## II.    In Forma Pauperis

Auguste-El's motion for leave to proceed *in forma pauperis*, D. 2, is DENIED WITHOUT PREJUDICE.  She represents that she has no source of income, id. at 1, and in response to Questions 4-8, she responds "N/A."  In addition, in response to Question 5 concerning ownership of any property of value, she writes "'See Attached' Addendum."  Id. at 2.  However, there are no documents attached to the motion.  D. 2.

A person seeking to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that she is unable to pay the filing fee.  See 28 U.S.C. § 1915(a)(1).  Although Auguste-El claims she cannot afford the filing fee because she is without income, her financial affidavit is insufficient because it does not show how she is able to access the basic necessities of life.  Without such information, the Court cannot evaluate whether Auguste-El qualifies for *in forma pauperis* status.

If Auguste-El wishes to proceed without prepayment of the filing fee, she must file a new motion for leave to proceed *in forma pauperis* by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs. She must supplement the form with additional information demonstrating how she is provided the basic necessities of life. Auguste-El must report any support—monetary or in kind—she has received from other individuals or any organization. See, e.g., Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002).

### III.    Discussion

As an initial matter, to the extent that the underlying judgment in the eviction proceeding is final, this Court does not have jurisdiction to review and reject a state court judgment. "It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction in federal question cases and thus cannot exercise appellate jurisdiction." Liviz v. Howard, No. 19-cv-10096-PJB, 2019 WL 1082403, at *3 (D. Mass. Mar. 4, 2019). "Pursuant to the Rooker–Feldman doctrine, 'federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments."'" Anderson v. Sup. Jud. Ct. of Massachusetts, No. 18-cv-11302-DJC, 2019 WL 1244054, at *4 (D. Mass. Mar. 15, 2019) (citing Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005)) (alterations in original). Any decision on the merits here "necessarily requires the Court to undermine [a] state court judgment[], [and therefore] the Court lacks subject matter jurisdiction over [Auguste-El 's] claims." Id.

Second, to the extent the eviction matter is pending in state court, this Court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. "*Younger* abstention doctrine . . . requires a district court to stay or dismiss the federal action in favor of the continued prosecution of the state-court litigation." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658,

4

664 (1st Cir. 2010) (referencing <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971)). Said differently, "[u]nder <u>Younger</u> principles, a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." <u>Id.</u> (citation and quotation omitted). "Federal courts have routinely held that the *Younger* doctrine bars them from enjoining state-court eviction proceedings." <u>Seidel v. Wells Fargo Bank, N.A.</u>, No. 12-cv-10766-RWZ, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012).

Third, 42 U.S.C. § 1983 provides a mechanism for asserting claims against state actors and it cannot be used to bring a claim against private entities and individuals who did not act "under color of state law." 42 U.S.C. § 1983; <u>see</u> <u>Cruz-Arce v. Mgmt. Admin. Servs. Corp.</u>, 19 F.4th 538, 543-44 (1st Cir. 2021).    Here, Mark Sheppard, who is identified as an "occupant/participant/trespesser [sic]," and Pance Genci and Nora Pance, who are identified as "owner[s]," appear to be private parties and not state actors.  D. 1 at ¶ I(B).  To the extent that, alternatively, that Plaintiff was relying upon diversity jurisdiction, it appears that this Court also lacks diversity jurisdiction over Plaintiff's claims because there is not complete diversity between Plaintiff and all defendants as required to for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Finally, Plaintiff is not entitled to injunctive relief at this juncture.  "To determine whether to issue a temporary restraining order, the Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction." <u>Monga v. Nat'l Endowment for Arts</u>, 323 F. Supp. 3d 75, 82 (D. Me. 2018).  Plaintiff bears the burden to demonstrate:  "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." <u>NuVasive, Inc. v. Day</u>, 954 F.3d 439, 443 (1st Cir. 2020) (quotation marks omitted).

For at least the reasons articulated above, Plaintiff's motion for injunctive relief fails on the first prong since she has not established a likelihood of success on the merits of the claims asserted in the complaint.  See CVS Pharmacy, Inc. v. Lavin, 951 F.3d 50, 55 (1st Cir. 2020) (the likelihood of success on the merits factor "weighs most heavily in the preliminary injunction analysis").  Accordingly, Plaintiff's motion for a temporary restraining order is DENIED.

## IV. Plaintiff May File an Amended Complaint

For at least the reasons stated above, Plaintiff has not yet asserted any plausible claims that may proceed in this Court.  If she wishes to replead her claims, she must file an amended complaint by May 18, 2026 that complies with the Federal Rules of Civil Procedure and this Court's Local Rules.  The case caption of any amended complaint should clearly name each party she intends to sue.  See Fed. R. Civ. P. 10(a).  The amended complaint must clearly identify each defendant and each defendant's alleged misconduct.  Plaintiff must set forth alleged facts as to who did what to whom, when, where, and why.  In the "Statement of Claim" section of any amended complaint, plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(1)-(3).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  See Fed. R. Civ. P. 10(b).

The filing of an amended complaint completely replaces the original complaint.  Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011).  If there are allegations in the original complaint Plaintiff still wishes to rely upon, she must include them in the amended complaint.   If Plaintiff fails to file an amended complaint in accordance with the requisite pleading requirements by May 18, 2026, the Court likely will dismiss this action.

6

**V.        Conclusion**

For the foregoing reasons, it is hereby ORDERED:

1.        The motion for leave to proceed *in forma pauperis*, D. 2, is DENIED WITHOUT PREJUDICE.  Auguste-El must, on or before May 18, 2026, file a new motion for leave to proceed *in forma pauperis* by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs that is supplemented with additional information demonstrating how she is provided the basic necessities of life.  Failure to do so likely will result in dismissal of this action.

2.        The motion for temporary restraining order and preliminary injunction, D. 3, and supplemental motion, D. 5, is DENIED.

3.  In light of the rulings above, the Court DENIES Plaintiff's other pending motions, D. 20, 22, 23 and 26, as moot.

3.        If Plaintiff wishes to pursue this action, she must by May 18, 2026 file an amended complaint that states a basis for this Court's jurisdiction and states a plausible claim for relief.  If she fails to do so by this deadline, the Court likely will dismiss this action.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge